Gantt, J.
I dissent from the opiuion delivered in this case. Mutual bonds were entered into by the contracting parties. The defendant was obligated on his part to give good and sufficient security to be approved of by Thomas. Security was offered, which was not approved of. But it appeared on the trial of the case, that the security offered was sufficient; *74 and subsequent events have developed the correctness of the testimony, in regard to the sufficiency of the security offered. The contract, therefore, was substantially complied with on the part of Wilson; and although Thomas might, from a strict construction of the terms of the contract, be justified in refusing the security offered, from a presumption at the time that it was not good, yet in an action for a breach of covenant on the part of Wilson, no damages ought to be given, when it appeared from the evidence, that he had. on his part, substantially complied with the terms of the contract. To say that Thomas, under the contract entered into with Wilson, had a right, on his part, to exercise caprice, as to the security which should be offered, is not consonant to those rules which govern in cases of this kind ; although this may not ^ave ^een case’ resPec^ the security offered, yet, *it appears he was mistaken, as to the sufficiency of the security offered; and if so, he was not entitled to recover damages, when there had been, substantially, a fulfilment of the contract by the defendant. I think, too, the charge of the presiding Judge, that Thomas had a right to exorcise a discretion without any control, was far from being correct in law; and as the jury were probably influenced to find a different verdict from what might otherwise have been the case, from a respectful deference to the opinion of the Court, I think a new trial should be allowed.
Lance, for the motion. Bichardson, Attorney-General, contra.